IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM L. BAUER, JR., | : | CIVIL NO. 3:-09-CV-2279 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| Defendant | : | |

## MEMORANDUM

Plaintiff, William L. Bauer, Jr., an inmate formerly incarcerated at the Federal Correctional Institution at Schuylkill, Minersville Pennsylvania ("FCI-Schuylkill"), filed this *pro se* action against the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680. (Doc. 1.) Plaintiff avers that prison staff was negligent in failing to discover a wet stairway which he allegedly slipped on and injured his foot. (Id.) He further alleges that prison medical staff were negligent in failing to provide prompt medical care for his foot and for failing to provide psychological treatment which contributed to a suicide attempt. (Id.)

Presently pending is defendant's motion to dismiss and for summary judgment (Doc. 27). Despite twice being afforded the opportunity to oppose the motion (Docs. 32, 35), plaintiff failed to file a brief in response to the motion and an opposing statement of material facts in accordance with L.R. 56.1. The motion is therefore deemed unopposed and will be granted.

I.  **Motion to Dismiss**

   A.  **Standard of Review**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The plaintiff must present facts that, if true, demonstrate a plausible right to relief. See FED. R. CIV. P. 8(a) (stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Ashcroft v. Iqbal, ---U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868

(2009) (explaining that Rule 8 requires more than "an unadorned, the-defendant unlawfully-harmed-me accusation"); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). Thus, courts should not dismiss a complaint for failure to state a claim if it contains "enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Phillips, 515 F.3d at 234 (quoting Twombly, 550 U.S. at 556). Under this liberal pleading standard, courts should generally grant plaintiffs leave to amend their claims before dismissing a complaint that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

### B. Discussion

In accordance with L.R. 7.6, any party who fails to file a brief in opposition to a motion "shall be deemed not to oppose such motion." Because plaintiff has failed to file a brief in opposition to defendant's motion, the motion is deemed unopposed.

Defendant seeks dismissal of the medical negligence portion of plaintiff's complaint based on plaintiff's failure to file a Certificate of Merit ("COM"). This action is controlled by Pennsylvania law. Under Pennsylvania Rule of Civil Procedure 1042.3(a)(1), a plaintiff must file a certificate of merit (COM) when his claim puts at issue the conduct of a licensed professional. In pertinent part, Rule 1042.3(a)(1) requires the plaintiff to sign and file a

3

COM indicating that "an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was the cause in bringing about the harm."

Failure to file either a COM under Rule 1042.3(a) or a motion for extension under Rule 1042.3(d) is fatal unless the plaintiff demonstrates that his or her failure to comply is justified by a "reasonable excuse." Womer v. Hilliker, 908 A.2d 269, 279-80 (Pa.2006) (holding that a court may reconsider judgment entered for failure to comply with Rule 1042.3 if the plaintiff demonstrates a "reasonable excuse" for the noncompliance); see also PA. R. CIV. P. 1042.6 (authorizing entry of non pros judgment if a malpractice plaintiff fails to comply with Rule 1042.3); Walsh v. Consol. Design & Eng'g, Inc., No. Civ. A. 05-2001, 2007 WL 2844829, at *5 (E.D.Pa. Sept. 28, 2007) ("Rule 1042.3 is subject to equitable considerations and a party who fails to timely file a certificate of merit may be relieved from the requirement where the defaulting party provides a reasonable explanation or legitimate excuse."). Plaintiff has failed to demonstrate that his failure to comply with the rule is justified by a reasonable excuse in that he has failed to oppose defendant's motion. Consequently, defendant's motion to dismiss plaintiff's medical negligence claim for failure to file a COM will be granted.

## II. Summary Judgment Motion

### A. Standard of Review

Through summary adjudication the court may dispose of those claims that do not present a "genuine issue as to any material fact" and for which a jury trial would be an empty and unnecessary formality. See FED. R. CIV. P. 56(c). The burden of proof is upon the non-moving party to come forth with "affirmative evidence, beyond the allegations of the pleadings," in support of its right to relief. Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004); FED. R. CIV. P. 56(e); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). This evidence must be adequate, as a matter of law, to sustain a judgment in favor of the non-moving party on the claims. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-57 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-89 (1986); see also FED. R. CIV. P. 56(c), (e). Only if this threshold is met may the cause of action proceed. Pappas, 331 F. Supp. 2d at 315.

### B. Statement of Material Facts

In accordance with the standard of review for a motion for summary judgment, the court will present the facts in the light most favorable to the plaintiff, who is the nonmoving party. See infra Part II A. However, plaintiff has failed to comply with Local Rule 56.1, which requires the nonmoving party's statement of facts to respond to the numbered paragraphs set forth in the moving party's statement, and to "include references to the parts of the record that support the statements." L.R. 56.1. Therefore, defendant's statement of

facts is deemed admitted. See L.R. 56.1 ("All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party.").

On July 5, 2007, Bauer reported to Health Services that he tripped on the last step of the stairway in his housing unit while carrying his property to his cell on July 2, 2007, and injured his foot. (Doc. 28-1, Declaration of Joseph Rush ("Rush Decl."), at ¶ 5; Doc. 28-2, at 20.) He alleges that staff at FCI- Schuylkill were negligent in failing to discover a wet stairway which he allegedly slipped on and injured his foot. (Doc. 1.) If water or any other liquid is spilled in the housing units, the inmate orderlies for that unit are trained to immediately mop the floors and to place a "wet floor" sign at each end of the area being mopped or at the top and bottom of a stairway. (Doc. 28-4, Declaration of Todd A. Hansel ("Hansel Decl.), at ¶ 7. Additionally, each side of a housing unit is staffed by one correctional officer, who will notify an inmate orderly if he/she discovers a wet floor. (Id.)

### C. Discussion

Courts sitting in Pennsylvania uniformly apply Pennsylvania law when slip and fall accidents occur in the Commonwealth. See, e.g., Nw. Mut. Life Ins. Co. v. Babayan, 430 F.3d 121, 139 (3d Cir.2005) (applying Pennsylvania law to a slip and fall case)); Moultrey v. Great A & P Tea Co., 281 Pa.Super. 525, 422 A.2d 593 (Pa.Super.1980) (same). Under Pennsylvania law, four elements are needed to establish negligence: (1) a duty or obligation recognized by the law, requiring the actor to conform to a certain standard of conduct for the

protection of others against unreasonable risks; (2) a failure to conform to the standard required; (3) a causal connection between the conduct and the resulting injury; and (4) actual loss or damage resulting in harm to the interests of another. Babayan, 430 F.3d at 139. "The standard of care a possessor of land owes to one who enters upon the land depends upon whether the person entering is a trespasser, licensee, or invitee." Carrender v. Fitterer, 503 Pa. 178, 469 A.2d 120, 123 (Pa.1983). Under Pennsylvania law, inmates are treated as invitees. Wilkerson v. United States, Civil No. 4:07:CV-2228, 2010 WL 1462542, *5 (M.D.Pa. Apr. 9, 2010). With respect to conditions on the land which are known to or discoverable by the possessor, the possessor is subject to liability only if he:

> (a) knows or by the exercise of reasonable care would discover the condition and should realize that it involves an unreasonable risk of harm to such invitee; and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it; and
>
> (c) fails to exercise reasonable care to protect them against the danger.

Carrender, 469 A.2d at 123 (quoting Restatement (Second) of Torts § 343). If "both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the visitor, exercising normal perception, intelligence and judgment," then under Pennsylvania law there is no liability. Id. Further, "the law of Pennsylvania does not impose liability if it is reasonable for the possessor to believe that the dangerous condition would be obvious to and discovered by the invitee." Atkins v. Urban Redev. Auth. of Pittsburgh, 414 A.2d 100, 104 (Pa. 1980) (quoting Palenscar v. Michael J. Bobb, Inc., 266 A.2d 478, 480

(Pa. 1970).

In support of it's position, defendant argues as follows:

> Bauer cannot demonstrate through record evidence that Defendant breached its duty or was negligent. Evidence currently in the record indicates that Defendant was unaware of any water being on the stairs and that Bauer's fall or the existence of water was even reported. Documentation does not exist that Bauer injured his foot in his housing unit or that water was present on the stairs. If water or any other liquid is spilled in the housing units, the inmate orderlies for that unit are trained to immediately mop the floors and to place a "wet floor" sign at each end of the area being mopped or at the top and bottom of a stairway. (SMF ¶¶ 54.) Additionally, each side of a housing unit is staffed by one correctional officer, who will notify an inmate orderly if he/she discovers a wet floor. (SMF ¶ 55.) Therefore, Bauer's [sic] cannot demonstrate through record evidence that Defendant breached its duty or was negligent and summary judgment should be entered in Defendant's favor.

(Doc. 29, at 25.)

Being the party adverse to summary judgment, plaintiff must raise "more than a mere scintilla of evidence in [his] favor" in order to overcome a summary judgment motion and cannot survive by relying on unsupported assertions, conclusory allegations, or mere suspicions. <u>Williams v. Borough of W. Chester</u>, 891 F.2d 458, 460 (3d Cir. 1989). Plaintiff has failed to meet his burden in that he has completely failed to oppose defendant's motion and raise a genuine issue of material fact with respect to whether defendant breached its duty of care. Accordingly, the motion for summary judgment will be granted.

## III. Conclusion

Based on the foregoing, defendant's motions to dismiss and for summary judgment (Doc. 27) will be granted.

An appropriate order follows.

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court

Dated: November 30, 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM L. BAUER, JR., | : | CIVIL NO. 3:-09-CV-2279 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| Defendant | : | |

## ORDER

AND NOW, to wit, this 30 day of November 2010, upon consideration of defendant's motion to dismiss and for summary judgment (Doc. 27), and in accordance with the foregoing memorandum, it is hereby ORDERED that:

1. Defendant's motion to dismiss (Doc. 27), plaintiff's medical negligence claim is GRANTED and the claim is dismissed in its entirety.

2. Defendant's motion for summary judgment (Doc. 27) on the issue of premises liability is GRANTED. The Clerk of Court is directed to ENTER judgment in favor of defendant and against plaintiff.

3. The Clerk of Court is further directed to CLOSE this case.

4. Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court